Dear Superintendent Picard:
In response to your request, we issued Op.Atty.Gen. 02-313 pertaining to the Education Excellence Fund (the "Education Fund") created in the State Treasury pursuant to Article VII, Section 10.8 of the Louisiana Constitution. Several questions have arisen since the release of that opinion, which we trust will be clarified by the following:
In response to the question of whether Article VII, Section 10.8(C)(3)(f) or (g) permit the investment of any Education Fund money, and/or the payment from the Education Fund of any fees associated with its investment, this office concluded that there is no authorization for the school districts to pay investment fees under Article VII, Section 10.8, including Subsubparagraphs (C)(3)(f) or (g). We affirm the conclusion that the only investment fees which the Constitution authorizes the payment of, are those investment fees which are authorized in Paragraph (B) to be paid from the Millennium Trust. There is no authorization for Education Fund monies to be used to pay investment fees.
This office further concluded that the Constitution does not authorize the recipients to withdraw the monies from the Education Fund merely to invest the funds. Monies can only be withdrawn from the Education Fund in accordance with the plan in the manner and for the purposes set forth in Subsubparagraphs (C)(3)(f) and (g). Accordingly, a permissible use of the Education Fund is not the investment of the money to earn interest. Expenditures must be for instructional enhancement for students, including early childhood education programs focused on enhancing the preparation of at-risk children for school, remedial instruction, and assistance to children who fail to achieve the required scores on any tests passage of which are required pursuant to state law or rule for advancement to a succeeding grade or other educational programs approved by the legislature.
We are not suggesting that school districts cannot withdraw monies from the Education Fund in advance of their ultimate expenditure in accordance with the approved plan nor are we suggesting that school districts cannot invest the monies which are so withdrawn. School boards are authorized and directed to invest any funds under their control which they, in their discretion, may determine to be available for investment. All political subdivisions of the state are mandated to manage public funds prudently. R.S. 33:2955. However, as noted above, investment fees are not a permissible use of Education Fund monies. School boards could, however, use their general fund or other undedicated funds to pay the costs of investments.
As to whether the plans should include expenditures from the investments, in addition to expenditures from the Education Fund, we previously concluded that any additional income to be received by the school districts from the investment of funds in the treasury should be included in the plan required to be submitted to the Department for approval. Furthermore, it is the opinion of this office that investment income derived from investments by the school boards should only be used for the purposes set forth in Subsubparagraphs (C)(3)(f) and (g) [see R.S. 33:2955(b)], and thus, investment earnings should be included in the plan submitted to the Department.
Trusting this clarifies our previous opinion, we remain
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ MARTHA S. HESS Assistant Attorney General
RPI:MSH:jv